## CROSS-PETITIONER CAN NOT PREVENT DISMISSAL OF ACTION.

Circuit Court of Cuyahoga County.

MARY A. MONTPELIER, TRUSTEE, v. ESSIE MONTPELIER ET AL.

Decided, November 15, 1909.

*Suit to Quiet Title—Plaintiff Dismisses Action—Cross-petition Can Not Keep Case in Court, When.*

Where a plaintiff in an action to quiet title desires to dismiss her case, a defendant who by cross-petition asks for an accounting of her equitable interest in the property under a trust can not keep the case in court, the plaintiff trustee not yet having rendered an account of her trust to the proper court.

*Higley & Maurer,* for plaintiff.
*E. J. Grossman* and *Thompson & Hine,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal from the judgment of the court of common pleas rendered upon a demurrer in an action to quiet title. The plaintiff now seeks to dismiss her petition and moves also dismissal of the cross-petition filed for the first time in this court by the defendant, Essie Montpelier; the other defendant joins plaintiff in this application. The defendant, Essie Montpelier, however, resists the motion to dismiss her cross-petition and the question before us is her right to insist upon the adjudication of her alleged cause of action. The prayer of her cross-petition is as follows:

"Wherefore this defendant prays that plaintiff may be required and compelled to file herein a list or inventory of all the property of said estate in her possession, or under her control, and also an account of her administration thereof since August 1st, 1907; and that said plaintiff be enjoined and restrained from disposing of any of the real estate belonging to said estate, except so much, if any, as this court will find must be disposed of in order to raise a fund, sufficient to pay the present liabilities of said estate, including plaintiff's annuity; that in the event the court finds it is necessary and proper that plaintiff

should dispose of any of said property, that this court retain jurisdiction over the parties hereto and direct plaintiff to report all sales to this court for confirmation, and compel plaintiff to give such bond as may seem to the court to be proper, to the effect that plaintiff will abide by all orders of the court made in reference thereto; that plaintiff be required and directed to hold the proceeds of any real estate belonging to said estate hereafter sold by her upon the same trust on which said estate is now held, and be further directed to pay over to defendant on the 15th day of October, 1909, one-third thereof, and for such other and further relief as this defendant may be entitled to in the premises.''

It will be observed that the original action was, as already stated, an action to quiet title and the relief sought by the cross-petition is not strictly germane thereto. The cross-petition does not question the legal title of the plaintiff at the time the action was brought, but seeks relief in respect to the alleged equitable title of the plaintiff in the same property.

Section 5069, Revised Statutes, defines a counter-claim thus:

''Affirmative relief can be had by the defendant only on a cause of action arising out of the transaction set forth in the petition or connected with the subject of the plaintiff's action.''

It is true, of course, in a sense, that the cause of action sought to be asserted in cross-petition arises out of the transaction set forth in the petition, to-wit, a conveyance to Essie Montpelier, by her co-defendant, of an interest in the land described in the petition; yet her alleged right to an accounting from the plaintiff trustee is quite independent of the latter's right to have her legal title as trustee quieted at the time the action was begun.

But be this as it may, an examination of the answer and cross-petition discloses no such facts as confer upon the defendant, Essie Montpelier, the right to require plaintiff to make an accounting of her trust under the direction of this court. The right of the plaintiff as trustee to dispose of the property in question, as well as her title to the property in question, as such trustee, terminated on the 15th day of October, 1909. If the plaintiff shall fail to make proper final account of her trust as

required by statute, or if it shall be made to appear in the proper forum that she has abused her trust, the cross-petitioner can then obtain full relief, but we think she is not in a position to assert her right to continue, independently of the plaintiff, her litigation in this court.

The petition and cross-petition will therefore be dismissed without prejudice to the right of the defendant, Essie Montpelier, to commence or maintain another action.